THE BANK OF HALE, Respondent, v. JOHN PENNINGTON *et al.*, Appellants.

Kansas City Court of Appeals, May 20, 1895.

Pleading: PETITION. A petition declaring on a bond for the redemption of certain land given pursuant to a decree in equity, is set out in the opinion and *held* to state a cause of action.

*Appeal from the Carroll Circuit Court.*—HON. W. W. RUCKER, Judge.

AFFIRMED.

*Hale & Son* and *J. W. Sebree* for appellants.

(1) The bond in suit and the judgment upon which it is predicated having been executed to accomplish a common purpose, the redemption of the land, for the purpose of legal interpretations will be read together as one instrument. *Noel v. Gaines*, 68 Mo. 663; *Sexton v. Anderson*, 95 Mo. 380; *Lewis v. Johnson County*, 3 Mo. App. 372. "The circumstances under which an

instrument is made may be looked to to aid in its interpretation." "The rules for interpreting contracts ought not to be subtle, are not an art of logic, but are intended for persons of common understanding—are plain reason." *Gathwright v. Callaway County*, 10 Mo. (Houck.) 412, 664. *Waters v. Vanvoret*, 28 N. J. Eq. 103. (2) The payment of the balance of the debt by defendants, March 1, 1894, was a precedent condition to any liability on the bond in suit. 3 American Encyclopedia, p. 423; *N. and N. W. v. Jonesdo*, p. 424; 2 Coldw. (Tenn.), 574. As to whether an instrument is executory, or is upon condition, or is a covenant, is said to be determined by the intention of the parties, upon a plain, common sense construction of its meaning. *St. Louis v. Ferry Co.*, 88 Mo. 619, 693. This bond is collateral and requires a new and independent consideration between the parties to make it obligatory. *Peck v. Harris*, 57 Mo. App. 468, and cases cited; *Wendover v. Baker*, 121 Mo. 273. The liability of defendants for possession, interest, costs, debt and damages for rents and profits had already accrued to plaintiff in the ejectment suit.

*S. J. Jones* and *Jas. L. Minnis* for respondent.

If defendant's construction be correct, why did the court by its decree require the bond for $595.10 and provide that, if same was not filed within eight days, execution to issue?

ELLISON, J.—This action is based on a bond executed by defendants. Defendants demurred to the petition for the alleged reason that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and, defendants failing to plead further, judgment was rendered as prayed.

The facts of the case are not clear. It seems, partly from the statements of the attorneys and partly from inference, and partly from the record, that plaintiff held a deed of trust against the lands of defendants Pennington, to secure the payment of a note. That, default being made, the lands were sold under the terms of the trust deed, and afterward an ejectment suit was brought by the plaintiff, in which defendant John Pennington filed an answer in equity, perhaps claiming, for some good reason, a right to redeem the land. At any rate, a decree was rendered for plaintiff in which said Pennington was given the right to redeem under certain conditions named in the decree. This action is on a bond executed by defendants, under the conditions of that decree. The petition, which contains a copy of the decree and the bond, was as follows:

"Plaintiff states that it is, and was at all times hereinafter mentioned, a corporation duly organized and existing under and by virtue of the laws of the state of Missouri, under the corporate name of the Bank of Hale, and doing a banking business in the town of Hale, Carroll county, Missouri.

"Plaintiff, for its cause of action, states that on the seventeenth day of November, the same being the tenth day of the November term of the circuit court of Carroll county, Missouri, in a certain cause in said circuit court in Carroll county, Missouri, then pending, wherein this plaintiff, the Bank of Hale, was plaintiff, and John Pennington and William Pennington were defendants, on a trial thereof by the said court without a jury, a judgment and decree were rendered in said cause by said court in words and figures as follows, viz.:

"'Now come the parties, by attorneys, and this cause being heard by the court on the petition and answer, in equity, of defendant John Pennington, the

court, on hearing the pleadings and evidence, doth find that the defendants are guilty of the ejectment charged and that plaintiffs have sustained damages thereby in the sum of seventy-five dollars ($75.00), and that the monthly rents and profits of the northwest quarter of section No. eleven (11), township No. fifty-four (54), of range twenty-two (22), and the east half (1-2) of the northeast quarter of section ten (10), township fifty-four (54) of range twenty-two (22); all of northwest quarter of southwest quarter of section eleven (11), township fifty-four (54) of range twenty-two (22), except ten acres in the southwest corner and ten acres in the north part of the southwest quarter of section eleven (11), township fifty-four (54) of range twenty-two (22), all in Carroll county, Missouri, to be fifty dollars ($50.00) per month; and it is further decreed that defendant be allowed to redeem said land on or before March 1, 1894, provided he execute bond to plaintiff with sufficient securities, within eight days, the same to be approved by the clerk of this court and conditioned that defendant will pay interest due plaintiff and the expenses incurred by it, aggregating five hundred and ninety-five dollars and ten cents ($595.10), on or before March 1, 1894, shall fully pay balance due plaintiff, including costs of sale under deed of trust, with debt, interests and costs of this suit. It is further ordered that writ of possession issue, if bond is not made within eight days. Upon full compliance with this order, plaintiff to convey their title under the sale to the defendant. If defendant files bond and fails to comply with remaining conditions of this order by March 1, 1894, the writ of possession to issue.'

"That, in pursuance to the conditions of said decree, defendants John Pennington and William Pennington, as principals, and John Forsythe, as security, executed to the plaintiff, the Bank of Hale, a

bond on the twenty-first day of November, 1893, in words and figures as follows, viz.:

" 'Know all men by these presents that we, John Pennington and William Pennington, as principals, and John Forsythe, as security, are held and firmly bound unto the Bank of Hale (a corporation) in the just and full sum of seven hundred dollars ($700.00) for the payment of which we bind ourselves, our heirs, executors and administrators, if the said John and William Pennington shall fail in the conditions underwritten. The condition of the above bond is such that if the said John and William Pennington shall pay to the said Bank of Hale the sum of five hundred and ninety-five dollars and ten cents ($595.10), on or before March 1, 1894, in accordance with the judgment of the circuit court of Carroll county, Missouri, rendered on the seventeenth day of November, 1893, in the cause therein pending, wherein the said Bank of Hale is plaintiff and the said John Pennington *et al.* are defendants, then this bond to be void, otherwise to remain in full force. Witness our hands and seals this the twenty-first day of March, 1893.

" 'JOHN PENNINGTON,
" 'WILLIAM PENNINGTON,
" 'JOHN FORSYTHE.'

"Which said bond was, by the clerk of said circuit court of Carroll county, Missouri, on the twenty-fifth day of November, 1893, approved and filed in his office, which said bond is herewith filed and marked Exhibit "A." Plaintiff further says that there has been a breach of said bond in this: That said John Pennington and William Pennington have never paid to plaintiff the said sum of five hundred and ninety-five dollars and ten cents ($595.10), or any other sum, but that they and each of them have declined and

refused to pay the same or any part thereof and are still indebted to plaintiff therefor with interest thereon from first day of March, 1894, the date on which plaintiff first demanded payment thereof; that on the first day of March, 1894, and at various times since then, plaintiff has demanded of defendants said sum of five hundred and ninety-five dollars and ten cents ($595.10), but they and each of them have declined and refused to pay the same or any part thereof, and have also failed to redeem said premises or any part thereof and plaintiff has been invested with possession of said premises on March 1, 1894; wherefore plaintiff prays judgment against all the defendants for the sum of seven hundred dollars ($700.00), the penalty of said bond, and that execution issue for said sum of five hundred and ninety-five dollars and ten cents ($595.10), with interest from March 1, 1894."

In our opinion, the petition states a cause of action, and we shall affirm the judgment. In listening to the complaints made against the judgment by defendants, it must be remembered that the conditions surrounding them are of their own seeking. Plaintiff had the legal title to the land and was seeking to obtain the possession. Defendants Pennington asked to be allowed to redeem, and this privilege was accorded them on certain conditions, in which defendants acquiesced. The decree was in favor of plaintiff, with the attached conditional privilege for redemption. While the decree itself is not to be recommended for its perspicuity, yet it provides that defendant may redeem, provided he execute the bond in suit, for the payment of the sum named, payable on March 1, 1894, and also pay the debt for which the deed of trust had been given. It was probably thought, in forming the decree, to cut off any question as to the extent of defendants' liability under its terms, for it provides,

that although he should execute the bond and yet fail to pay the debt secured by the deed of trust and costs of sale, there was no redemption made, and a writ of possession was to issue. One lack of clearness about the decree is its failure to disclose what the sum of $595.10 was for. Accepting a casual statement by one of counsel in the brief as the fact, it represents principally an amount of interest which plaintiffs had been compelled to pay for defendants to the holder of a prior mortgage. We can see no practical difference, in its legal effect, between the decree having required the the execution of a promise, with security, to pay the money, and if it had required a cash payment. If the latter, would defendants' failure to comply with the balance of his duty under the decree, have entitled him to recover back the cash payment? We think not. We have considered the reasoning and argument advanced by defendants in support of their theory, but are not impressed with their soundness. We think the judgment should be affirmed. All concur.